**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **STEPHEN COLFIELD** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | **Civil Action No.: 1:12-cv-03544-WMN** |
| | * | |
| **SAFEWAY INC.** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S MOTION IN LIMINE

Before the voir dire examination of the jury panel, Plaintiff, Stephen Colfield (hereinafter "Plaintiff"), submits this motion in limine. Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Defendant, Safeway Inc. (hereinafter "Defendant"), injects these matters in this case through a party, an attorney, or a witness, defendant will cause irreparable harm to Plaintiff's case, which no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiff submits this motion in limine and states as follows:

## I.    Grounds for Plaintiff's Motion Limine In

Plaintiff asks the court to prohibit defendant from offering any of the following matters without first asking for a ruling from the court, outside the jury's presence, on the admissibility of the matter.

1.      Any evidence, statement, or argument of other crimes, wrongs, or acts to prove the character of Plaintiff to show that Plaintiff acted in conformity with his character during the April 25, 2012 incident with Tia Person. *See* Fed. R. Evid. 404(b).

    a.      AGREED:            YES            NO

2.      Any evidence, statement, or argument about settlement negotiations. Evidence of settlement negotiations is inadmissible.  *See* Fed. R. Evid. 408; *See also* <u>Affiliated Mfrs., Inc. v. Aluminum Co. of Am.</u>, 56 F.3d 521, 526 (3d Cir. 1995).

    a.      AGREED:            YES            NO

3.      Any evidence, statement, or argument regarding the termination of Charles "Mike" Dienlien's employment with Defendant.

    a.      AGREED:            YES            NO

4.      Any evidence, statement, or argument that witness, Plaintiff, was convicted of a crime. The conviction was more than ten years ago, and the probative value of admitting evidence of this conviction does not substantially outweigh its prejudicial effect. *See* Fed. R. Evid. 609(b).

    a.      AGREED:            YES            NO

5.      Any evidence, statement, or argument of the Equal Employment Opportunity Commission's finding of no probable cause in a discrimination charge. *See* <u>Cortes v. Maxus Expl. Co.</u>, 977 F.2d 195, 202 (5th Cir. 1992).

    a.      AGREED:            YES            NO

6.      Any evidence, statement, or argument supporting an issue not contained in the final pretrial order. Life Care Ctrs. of Am., Inc. v. Charles Town Assocs. L.P., 79 F.3d 496, 507-08 (6th Cir. 1996).

a.      AGREED:      YES      NO

7.      Any evidence in the form of computer-animated video that portrays events at issue in a manner not substantially similar to the actual events. See Hinkle v. City of Clarksburg, 81 F.3d 416, 424-25 (4th Cir. 1996).

a.      AGREED:      YES      NO

8.      Any secondary evidence presented because defendant did not make a sufficiently diligent search for material requested during discovery. See Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995).

a.      AGREED:      YES      NO

9.      Any evidence that defendant did not produce in discovery. Defendant should not be permitted to present any witness it did not name in its disclosures or answers to interrogatories or any evidence it did not produce in response to any discovery.

a.      AGREED:      YES      NO

10.      Any attempt to elicit testimony from Plaintiff about communications with his attorneys. Such communications are privileged. See Fed. R. Evid. 501.

a.      AGREED:      YES      NO

11.      Any evidence, statement, or argument that Plaintiff has not filed income-tax returns.

a.      AGREED:      YES      NO

12.     Any evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.

a.          AGREED:          YES          NO

13.     Any attempt to ask Plaintiff's attorney to produce documents, to stipulate to any fact, or to make any agreement in the presence of the jury.

a.          AGREED:          YES          NO

14.     Any statement of the law, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the court rules on the law applicable to this case.

a.          AGREED:          YES          NO

15.     Any evidence, statement, or argument that Plaintiff's attorney has a contingency fee in this lawsuit.

a.          AGREED:          YES          NO

16.     Any evidence, statement, or argument that Plaintiff received unemployment benefits.

a.          AGREED:          YES          NO

17.     Any evidence, statement, or argument that Plaintiff received Social Security disability payments.

a.          AGREED:          YES          NO

18.     Any evidence, statement, or argument that defendant paid any of Plaintiff's medical expenses. *See* Fed. R. Evid. 409.

a.          AGREED:          YES          NO

19.     Any other reference to collateral sources, including group medical insurance benefits.

a.          AGREED:          YES          NO

20.     Any evidence, statement, or argument about the settlement or the amount of money Plaintiff received in settlement of Plaintiff's workers' compensation claim.

a.          AGREED:          YES          NO

21.     Any evidence, statement, or argument that Plaintiff was or is involved in other lawsuits.

a.          AGREED:          YES          NO

22.     Any evidence, statement, or argument of Plaintiff's claims against Giant Food Stores. Evidence of another claim to show that Plaintiff is a professional litigant is improper.

a.          AGREED:          YES          NO

23.     Any evidence, statement, or argument about injuries Plaintiff suffered before the injuries received in this lawsuit.

a.          AGREED:          YES          NO

24.     Any evidence, statement, or argument that Plaintiff's employer has had other claims of discrimination alleged by Plaintiff on the basis of race and age discrimination against Defendant.

a.          AGREED:          YES          NO

25.     Any evidence, statement, or argument concerning a claim, lawsuit, verdict, or judgment having an adverse effect on costs and availability of medical or other goods or services.

a.          AGREED:          YES          NO

26.     Plaintiffs' motion in limine no. 1 seeks to exclude non-party witnesses from the courtroom.

a.          AGREED:          YES          NO

27.     Any evidence, statement, or argument concerning that Plaintiffs received income from collateral sources.

a.          AGREED:          YES          NO

28.     Any evidence, statement, or argument concerning defenses that were not pled by Defendant in its answer to the complaint.

a.          AGREED:          YES          NO

29.     Any evidence, statement, or argument concerning the claims dismissed due to the granting of Defendants' motion for summary judgment.

a.          AGREED:          YES          NO

30.     Any evidence, statement, or argument concerning Plaintiffs' claim for attorney fees or expenses.

a.          AGREED:          YES          NO

31.     Any testimony, evidence, statement comments, or argument concerning that are Inconsistent with Defendant's 30(b)(6) testimony.

a.          AGREED:          YES          NO

32.      Any testimony, evidence, statement comments, or argument concerning Ms. Mia Colfield's Dilation & Curettage she suffered as it relates to Ms. Mia Colfield's miscarriage and/or abortion.

a.          AGREED:          YES          NO

33.     Any testimony, evidence, statement comments, or argument concerning Plaintiff's refusal to address the reason Plaintiff's needed his name legally changed.

a.          AGREED:                YES                NO

34.     Any testimony, evidence, statement comments, or argument concerning Plaintiff's participation and/or involvement as a fact witness, and any of Plaintiff's testimony related thereto, a harassment claim against Giant Food Stores.

a.          AGREED:                YES                NO

35.      Any testimony, evidence, statement comments, or argument concerning Plaintiff's memory issues caused by the medications Plaintiff was prescribed to treat his diagnosed depression, anxiety, and/or post-traumatic stress disorder, which diagnoses were caused by the events that give rise to Plaintiff's retaliation claim against Defendant.

a.          AGREED:                YES                NO

36.     Any reference to any prior injury, physical or mental condition or illness that may have been suffered by Plaintiff, unless Defendant can show outside of the presence of the jury that the prior injury, physical or mental condition or illness contributed to the physical or mental impairment of Plaintiff claimed by Plaintiff in this case.

a.          AGREED:                YES                NO

## II.      Conclusion

For these reasons, Plaintiff asks the court to instruct defendant and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the court, outside the presence and hearing of the jury, and to instruct defendant and all attorneys to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

/s/ *George A. Rose*

_____

George A. Rose, Esquire, #26086
John J. Leppler, Esquire, #19736
Rose Law Firm, LLC
200 E. Lexington St., Suite 1305
Baltimore, Maryland 21202
Telephone: 410-727-7555
Facsimile: 443-727-0962
Email: grose@roselawfirm.net
Email: attorneyleppler@roselawfirm.net

Attorneys for Plaintiff Stephen Colfield

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on this 16th day of November 2016, the foregoing Plaintiff's Motion *In Limine* to Preclude Defendant Safeway from Admitting Evidence Related to Plaintiff's Claims for Race and Age Discrimination Against Defendant Safeway that Have Already Been Dismissed in this Case was served by electronic mail through the court's CM/ECF system on: Larry R. Seegull, Esquire, #22991 (larry.seegull@jacksonlewis.com), and Kathleen McGinley, Esquire, #29150 (kathleen.mcginley@jacksonlewis.com), A. Patricia Diulus-Myers, Esquire (DiulusMP@jacksonlewis.com), Keith D. Hudolin, Esquire (Keith.Hudolin@jacksonlewis.com), and the law firm, Jackson Lewis, P.C., 2800 Quarry Lake Drive, Lawsuite 200, Baltimore, Maryland 21209, attorneys for Defendant Safeway, Inc.

Respectfully submitted,

/s/ *George A. Rose*

_____

George A. Rose, Esquire