| | |
|---|---|
| **STEPHEN COLFIELD,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:12-CV-03544-WMN** |
| **SAFEWAY INC.,** | |
| **Defendant.** | |

## DEFENDANT'S CONSOLIDATED MOTIONS *IN LIMINE*

Larry R. Seegull (Federal Bar No. 22991)
Kathleen McGinley (Federal Bar No. 29150)
Keith Hudolin (Federal Bar No. 13688)
Jackson Lewis P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
410.415.2004 (direct)
410.415.2001 (facsimile)
larry.seegull@jacksonlewis.com
kathleen.mcginley@jacksonlewis.com
keith.hudolin@jacksonlewis.com

A. Patricia Diulus-Myers (admitted *pro hac vice*)
Jackson Lewis P.C.
1001 Liberty Avenue, Suite 1000
Pittsburgh, Pennsylvania 15222
DiulusMP@jacksonlewis.com

Attorneys for Defendant Safeway Inc.

# TABLE OF CONTENTS

I.     PLAINTIFF'S SOLE REMAINING CLAIM IS FOR RETALIATION. ......................... 1

II.    LEGAL STANDARD ............................................................................................. 2

III.   MOTIONS *IN LIMINE* ........................................................................................ 3

       A.    First Motion *In Limine*: The Court Should Exclude Testimony And Written
             Statements Regarding Statements Purportedly Made By Mr. Bennett. ................. 3

             1.    Mr. Bennett's Statements Are Not Party Admissions. ............................. 4

             2.    Mr. Deinlein's And Mr. Pardoe's Statements Are Hearsay ...................... 5

             3.    The Court Should Exclude Mr. Bennett's Statements Under Rule 403. .... 6

       B.    Second Motion *In Limine*: The Court Should Exclude Testimony And Other
             Evidence Regarding Plaintiff's Allegations Of Race Discrimination. .................. 7

       C.    Third Motion *In Limine*: The Court Should Exclude References To Allegations
             And Events Prior To January 1, 2011 .................................................................. 9

       D.    Fourth Motion *In Limine*: The Court Should Exclude References To Grievances
             Plaintiff Filed With The Union, On His Own Behalf Or On Behalf Of Other
             Employees, That Do Not Relate To Alleged Race Discrimination. ...................... 9

       E.    Fifth Motion *In Limine*: The Court Should Exclude Evidence Of Purported
             Comparators Involved In Dissimilar Misconduct. .............................................. 10

       F.    Sixth Motion *In Limine*: The Court Should Exclude Plaintiff's Emails To Jackson
             Lewis P.C. And Should Preclude Plaintiff From Calling Safeway's Current And
             Former Counsel As Witnesses. ............................................................................ 11

       G.    Seventh Motion *In Limine*: The Court Should Exclude Testimony From Terryle L.
             Wiliams. ............................................................................................................. 13

       H.    Eighth Motion *In Limine*: The Court Should Exclude All Witnesses Not
             Specifically Identified On Plaintiff's Witness List. ............................................ 14

       I.    Ninth Motion *In Limine*: The Court Should Exclude Evidence Related To
             Plaintiff's Claim That The Union Instructed Him To Stop Assisting Co-Workers.
             ........................................................................................................................... 15

       J.    Tenth Motion *In Limine*: The Court Should Exclude All Evidence Related To
             Plaintiff's Claim For Back Pay And Front Pay, Because Plaintiff Has Failed To
             Produce Documents Regarding Mitigation. ........................................................ 17

IV.    CONCLUSION ................................................................................................... 19

Defendant Safeway Inc. ("Safeway"), by its undersigned counsel, submits these Consolidated Motions *In Limine* to exclude:

(1)    Testimony and written statements regarding statements purportedly made by Plaintiff's former store manager, Jimmie Bennett;

(2)    Testimony and other evidence regarding Plaintiff's allegations of race discrimination;

(3)    References to allegations and events prior to January 1, 2011;

(4)    References to grievances Plaintiff filed with his union, on his own behalf or on behalf of other employees, that do not relate to alleged race discrimination;

(5)    Evidence of purported comparators involved in dissimilar misconduct;

(6)    Plaintiff's emails to Jackson Lewis P.C. and testimony from Safeway's current and former attorneys at Jackson Lewis P.C.;

(7)    All testimony from Terryle L. Williams;

(8)    All witnesses not specifically identified on Plaintiff's witness list;

(9)    Evidence related to Plaintiff's claim that the union instructed him to stop assisting co-workers; and

(10)    All evidence related to Plaintiff's claim for front and back pay.

In support of this Motion, Safeway states as follows:

## I.    PLAINTIFF'S SOLE REMAINING CLAIM IS FOR RETALIATION.

Plaintiff, who worked as a Food Clerk for Safeway from 2004 until his discharge in 2012, brought claims against Safeway for race discrimination in violation of Title VII (Count One), retaliation in violation of Title VII (Count Two), violation of 42 U.S.C. § 1985 (Count Three), and deprivation of equal right under the law (Count Four). *See* ECF No. 41. The Court granted Safeway's Motion to Dismiss Count Three on November 18, 2014. *See* ECF No. 63. On March 30, 2016, the Court granted Safeway's Motion for Summary Judgment with respect to Plaintiff's two race discrimination claims (Counts One and Four), holding that "no reasonable jury could

conclude that Plaintiff was disciplined and ultimately fired because of his race." ECF No. 114 at 38.

Accordingly, this case is proceeding to trial "only as to Plaintiff's retaliation claim under Title VII (Count Two)." ECF No. 114 at 45. The Court identified in its Opinion on Safeway's Motion for Summary Judgment the alleged protected activity underlying Plaintiff's retaliation claim: (1) purported race discrimination complaints to Karen Graham, Safeway's former Human Resources Advisor for District 82, in January and September 2011; (2) an EEOC charge and union grievance filed in October 2011; and (3) an updated EEOC charge and fact-finding meeting before the EEOC in April 2012. ECF No. 114 at 40.[1] The Court also identified the three adverse employment actions that remain at issue in this case: (1) Plaintiff's suspension on December 13, 2011, following an incident in which Plaintiff purchased a DVD before it was available for sale; (2) Plaintiff's suspension on April 25, 2012, following a workplace violence incident; and (3) the termination of Plaintiff's employment on July 16, 2012. ECF No. 114 at 42.

## II.    LEGAL STANDARD

Relevant evidence is generally admissible, but "irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if evidence is relevant, the Court may still exclude it "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Additionally, hearsay evidence (*i.e.* a statement that the

---

[1]    Complainant has also claimed in his Opposition to Safeway's Motion for Summary Judgment that he assisted a produce clerk, Maria Jones with an EEOC charge in February 2012 and that he assisted a co-worker, Rashida Daniels, with filing an EEOC Charge in June 2012. ECF No. 98 at 13-14.

declarant does not make while testifying at trial that is offered in evidence to prove the truth of the matter asserted in the statement) is inadmissible.  Fed. R. Evid. 801-802.

## III.    MOTIONS *IN LIMINE*

### A.    First Motion *In Limine*: The Court Should Exclude Testimony And Written Statements Regarding Statements Purportedly Made By Mr. Bennett.

Plaintiff intends to introduce second-hand reports of statements purportedly made by Jimmie Bennett, the store manager at Safeway's Owings Mills store, to Tony Mack,[2] Maria Jones,[3] Charles Deinlein,[4] and possibly others.  These alleged statements, in general, suggest that Safeway tasked Mr. Bennett with discharging Plaintiff.   In addition, Plaintiff has alleged in his own Affidavit that Shop Steward Don Pardoe and Mr. Deinlein orally told him on or about April 11, 2012 "that Mr. Bennett planned to fire me that week."  ECF No. 98-1 ¶ 24.

Each of these alleged statements by Mr. Bennett, whom Plaintiff has **not** included on his witness list, is inadmissible hearsay, rather than a party admission, because the undisputed evidence shows that Mr. Bennett was not involved in the decision-making process for either of the alleged adverse employment actions at issue in this case.   Mr. Pardoe's and Mr. Deinlein's

---

[2]    According to Mr. Mack:  "On 03/26/2012 while having a conversation with Jimmie Bennett (Store Manager of 1657) he discuss with me a conversation he had with Karen Graham from the human resource department they had about Stephen Colfield.  In that conversation he was told by Karen he was receiving a transfer employee who is a trouble maker and had a big mouth.  He also will try to cause problems in your store.  At the end of our conversation Jimmie said that I should not trust Stephen Colfield; who I have been good friends with for eight years."  ECF No. 112-1.  Mr. Mack has also claimed in a separate statement that Mr. Bennett said that he "was sent to the store in part to fire Mr. Colfield so that Mr. Colfield would not be able to claim discrimination."  ECF No. 98-22.

[3]    According to Ms. Jones:  "In a conversation sometime in January of 2012, Jimmy Bennett the store manager had told me on a one on one conversation in his office that Steve Colfield was sent to 1657 to be fired. (that no one else would do it, but he was the one who could do it and get it done and that no other store would take him at that time."  ECF No. 98-36.

[4]    According to Mr. Deinlein:  "From the first day, Jimmie made it very clear to me that his sole purpose at this store was to get rid of any long-term employees.  Jimmie discussed with me a plan on how to accomplish his goals.  The targeted employees were Maria Jones, Tony Mack, Don Pardoe, and Stephen Colefield and Jimmie wanted to turn up pressure on them so they would ultimately 'hang themselves.'"  ECF No. 98-50.

statements also involve a second level of hearsay, because neither Mr. Pardoe nor Mr. Deinlein is listed on Plaintiff's witness list. Further, the Court should exclude Mr. Bennett's alleged statements under Federal Rule of Evidence 403, because their minimal probative value is far outweighed by the unfair prejudice to Safeway.

### 1.    Mr. Bennett's Statements Are Not Party Admissions.

The Court previously indicated in its ruling on Safeway's Motion to Strike that Mr. Bennett's alleged statements "are admissible as statements of an opposing party," because they were made by "individuals that were managers for Defendant at the time those statements were made[.]" ECF No. 114 at 19-20. At the time, the Parties had not briefed this issue, because Plaintiff did not argue in his Opposition to the Motion to Strike that Mr. Bennett's alleged statements were party admissions. *See* ECF No. 111. Safeway respectfully requests that the Court reconsider its determination, because the mere fact that Mr. Bennett was a manager does not render his statements party admissions absent his participation in the decision-making process.

To qualify as party admissions, statements must be made within the scope of the speaker's employment. *See* Fed. R. Evid. 801(d)(2)(D). In the discrimination and retaliation context, this means that the speaker must have been involved in the decision-making process for the adverse employment actions at issue. *See Mansell v. Toys "R" Us., Inc.*, 673 F. Supp. 2d 407, 419 (D. Md. 2009) (collecting cases and holding that statements by a manager and another employee were inadmissible hearsay, and not party admissions, because the speakers were not involved in the decision to terminate the contract at issue in a race discrimination claim); *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 967 (5th Cir. 2016) (holding that the district court properly excluded a manager's statements because the party admission exclusion "does not apply to an employee's statement concerning a termination decision when that employee had nothing to do with that decision"); *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005)

4

(holding that comments by an employee who was not involved in the hiring or promotion process were inadmissible hearsay); *Hill v. Spiegel, Inc.*, 708 F.2d 233, 237 (6th Cir. 1983) (finding reversible error in the admission of testimony about purported statements by managers in the absence of evidence that they were involved in the decision to discharge the plaintiff).

Here, there is no dispute that Mr. Bennett was not involved in any way in the two alleged adverse employment actions that Plaintiff contends were retaliatory. It is undisputed that Mr. Bennett was not present at the store the day of the incident leading to Plaintiff's discharge; Mr. Bennett did not investigate the incident; and Karen Graham, rather than Mr. Bennett, made the decisions to suspend and ultimately discharge Plaintiff. *See* ECF No. 88-1 at 31 (summarizing and citing evidence showing that Mr. Bennett was not involved in Plaintiff's discharge). Indeed, Plaintiff does not claim in his Pre-Trial Statement that he will try to prove otherwise, and Plaintiff put forward no evidence to the contrary in his Opposition to Safeway's Motion for Summary Judgment. *See* ECF No. 98. Accordingly, Mr. Bennett's statements are not party admissions, and are thus inadmissible hearsay.

### 2. Mr. Deinlein's And Mr. Pardoe's Statements Are Hearsay

Even if Mr. Bennett's statements were party admissions, the Court should still exclude any such statements he made to Mr. Deinlein and Mr. Pardoe. Neither Party has identified Mr. Deinlein or Mr. Pardoe on its witness list. Accordingly, the only evidence of Mr. Bennett's purported statements to them is Plaintiff's testimony about what each one told Plaintiff and, in the case of Mr. Deinlein, out-of-court written statements. Because Plaintiff would be introducing evidence of Mr. Deinlein's and Mr. Pardoe's alleged statements to him to prove the truth of the matter asserted (*i.e.*, that Mr. Bennett made the alleged statements to them), they are inadmissible hearsay.

### 3. The Court Should Exclude Mr. Bennett's Statements Under Rule 403.

Even if Mr. Bennett's purported statements were not hearsay, they should still be excluded under Federal Rule of Evidence 403. The probative value of these statements is minimal, because it is undisputed that Mr. Bennett was not involved in the adverse employment actions at issue. *See* ECF No. 88-1 at 31. Indeed, even if it were true that Safeway put Mr. Bennett in the store to discharge Plaintiff or put Plaintiff in the store to be discharged by Mr. Bennett (neither is true), this fact would still be irrelevant because it is undisputed that Mr. Bennett was not involved in Plaintiff's discharge.

Further, what little probative value these statements might have is significantly outweighed by unfair prejudice to Safeway, both because of Mr. Bennett's absence from this case as a witness and because of the inherent unreliability of these statements. For example, as the Court has previously indicated, "given that Bennett was himself terminated by Defendant for sexual harassment, his credibility is certainly undermined." ECF No. 124 at 10. The same is true of Mr. Deinlein, who (1) will not be testifying as a witness in this case and (2) was discharged from Safeway for theft. *See* ECF No. 88-10 ¶ 48. Ms. Jones's credibility is also compromised, because she has herself litigated claims against Safeway. *See Maria Jones v. Safeway, Inc.*, Civil Action No. ELH-12-03547 (D. Md.). For his part, Mr. Mack contradicts himself: in one statement, he claims that Ms. Graham notified Mr. Bennett that she was transferring Mr. Colfield to his store and, in another, he claims that Mr. Bennett was transferred to Plaintiff's store to discharge Plaintiff. *Compare* ECF No. 112-1 *with* ECF No. 98-22.

In fact, Plaintiff himself suggests that the Court should exclude testimony about Mr. Bennett's statements, because Plaintiff moved *in limine* to exclude "[a]ny evidence, statement, or argument of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case." ECF No. 132 at 4. This motion, if granted,

would apply to the testimony Plaintiff intends to present about what Mr. Bennett might say if he were a witness in this case.

Accordingly, the Court should exclude testimony about Mr. Bennett's purported statements not only as inadmissible hearsay, but also under Federal Rule of Evidence 403.

B.  **Second Motion *In Limine*: The Court Should Exclude Testimony And Other Evidence Regarding Plaintiff's Allegations Of Race Discrimination.**

Plaintiff intends to present at trial testimony and exhibits related to numerous allegations that support only the claims of race discrimination, which have already been rejected by this Court and on which judgment has been entered against Plaintiff. This includes, but is not limited to:

- Allegations that Larry Kunze denied Plaintiff sedentary work and refused to cooperate with his light duty status in 2010;

- Allegations that Mr. Kunze would not allow Plaintiff to work Sundays while Plaintiff was on light duty in 2010;

- Allegations that Mr. Kunze assigned Plaintiff undesirable tasks, such as cleaning up dead mice and trash in 2011;

- Allegations that Mr. Kunze restricted Plaintiff's interactions with co-workers in 2011;

- Allegations that Mr. Kunze attempted to "demean, intimidate, and agitate Plaintiff into insubordinate actions;

- Allegations that Mr. Kunze gave Plaintiff a written warning for violating Safeway's "rapport program" in September 2011;

- Allegations that Caucasian employee Christine Haley checked out her sister in violation of Safeway's Employee Purchase Policy, but was not disciplined;

- Allegations that Caucasian employees, including Marsha Dichara, Roger Bourn, Gary Hein, Aaron LeKarz, Lydia Cole, and Glenn Carl, violated Safeway's Workplace Violence Policy, but were not discharged; and

- Allegations that Caucasian employees, including Sean Ford, Brittney Putresk, and Salvati, violated Safeway's Employee Purchase Policy, but were not suspended.

Following the Court's ruling on Safeway's Motion for Summary Judgment, the only relevant inquiries for the jury are: (1) whether Plaintiff engaged in protected activity under Title VII and (2) whether Safeway retaliated against him for engaging in that protected activity. In other words, the merits of Plaintiff's alleged race discrimination complaints are irrelevant. The allegations listed above, however, relate only to alleged race discrimination. For example, some of these allegations pre-date Plaintiff's first alleged protected activity in January 2011. Others involve alleged mistreatment by Mr. Kunze, and there is no evidence in the record that Mr. Kunze even knew about Plaintiff's alleged complaints to Ms. Graham or other purported protected activity. What's more, the Court has already held that many of these allegations, including the written warning for Plaintiff's violation of Safeway's rapport program and the assignment of less desirable tasks, do not rise to the level of adverse employment actions for purposes of Plaintiff's retaliation claim. ECF No. 114 at 40. The remaining allegations suggest that Safeway treated Caucasian employees better than Plaintiff, but the only relevant comparators are those who engaged in Title VII protected activity, regardless of race. Accordingly, these allegations and any other testimony or evidence relating to Plaintiff's race discrimination claims are irrelevant and inadmissible under Federal Rule of Evidence 402.

Even if these allegations were marginally relevant, the Court should still exclude them under Federal Rule of Evidence 403. Admission of Plaintiff's race discrimination allegations would require Safeway to defend numerous mini-trials to prove to the jury that it had not discriminated against Plaintiff, when the Court has already held that no reasonably jury could conclude that Plaintiff was disciplined or terminated because of his race. Apart from wasting the Parties' and the Court's time, this would unfairly prejudice Safeway and confuse the jury by

conflating the issue of whether Safeway retaliated against Plaintiff for engaging in protected activity with the issue of whether Safeway discriminated against Plaintiff.

C. **Third Motion *In Limine*: The Court Should Exclude References To Allegations And Events Prior To January 1, 2011.**

Although Plaintiff's first alleged protected activity occurred in January 2011, Plaintiff intends to introduce evidence of numerous alleged events of adverse action that allegedly occurred before that date. Of course, basic information about Plaintiff's employment history with Safeway, including his job titles, the dates of his employment, and the locations at which he worked are necessary to provide the jury with context for his retaliation claims. Safeway proposes that the Parties stipulate to this basic information, and Safeway is not seeking to exclude it with this motion *in limine*. Because only Plaintiff's retaliation claim remains, however, the jury only needs to determine whether Plaintiff engaged in protected activity and, if so, whether Safeway took any adverse actions against him as a result; events that allegedly took place prior to 2011 are irrelevant and should be excluded under Federal Rule of Evidence 402.

Even if events prior to January 2011 had some tangential relevance, their introduction at trial would serve only to waste time, needlessly extend the trial, and burden the jury with the need to resolve factual disputes about incidents of alleged discrimination that ultimately have no bearing on whether Safeway retaliated against Plaintiff for engaging in activity protected by Title VII. Accordingly, these events should also be excluded under Federal Rule of Evidence 403.

D. **Fourth Motion *In Limine*: The Court Should Exclude References To Grievances Plaintiff Filed With The Union, On His Own Behalf Or On Behalf Of Other Employees, That Do Not Relate To Alleged Race Discrimination.**

Plaintiff has indicated in his Pre-Trial Statement that he will introduce evidence that he "was fearless in confronting Defendant's store management about employees' complaints or grievances against violations of both Defendant['s] own policies and the Collective Bargaining

Agreement ('CBA') between Defendant and Local 27" and that he "assist[ed] co-workers, Maria Jones, Anthony Wade, Tony Mack, Rashida Daniels and others with complaints or grievances of discrimination against store managers or supervisors, including Jimmy Bennett." The Court should exclude evidence of these grievances, unless Plaintiff can show that they involved alleged discrimination, harassment, or retaliation based on race, color, religion, sex, or national origin. This is because only Plaintiff's Title VII retaliation claim remains. To prevail on that claim, Plaintiff must show that Safeway discharged him because he engaged in activity that is based upon "a reasonable belief that Title VII has been – or is in the process of being – violated by the activity being opposed." *See Young v. Giant Food Stores, LLC*, 108 F. Supp. 3d 301, 315-16 (D. Md. 2015) (emphasis added). Any other grievances are irrelevant to his claim and will serve only to waste time and confuse the jury as to what protected activity is actionable.

**E.    Fifth Motion *In Limine*: The Court Should Exclude Evidence Of Purported Comparators Involved In Dissimilar Misconduct.**

Safeway expects Plaintiff to seek to introduce evidence of purported workplace violence comparators who were involved in incidents and were not disciplined or were disciplined less severely than Plaintiff. To the extent these purported comparators were not involved in workplace violence incidents similar to Plaintiff's misconduct – *i.e.*, intentional physical contact with witnesses – the Court should exclude evidence relating to them pursuant to Federal Rules of Evidence 402 and 403.

Indeed, Plaintiff has previously identified six purported workplace violence comparators who were involved in misconduct that showed "significant dissimilarities" to Plaintiff's misconduct:

> Several of the incidents involved only a verbal exchange with no physical contact. In others where there was physical contact, Graham, who investigated all of the incidents and made the disciplinary determination, concluded that the contact was inadvertent. For all but one incident, there was no manager present to observe the

interaction and for several, there was no witness whatsoever other than the accuser. In one instance where an assistant manager was involved, the employee was suspended for allegedly pushing a cart into that assistant manager. Another employee who was present at the time, however, stated that he never saw the other employee push the cart into the manager. ECF No. 98-44. Furthermore, several of the individuals cited by Plaintiff were suspended pending investigation and several were transferred to another store as the outcome of the investigation.

ECF No. 114 at 35-36. Because this Court has already concluded that these other instances present significant factual dissimilarities compared to the incident involving Plaintiff, Safeway's resolution of these other incidents has no bearing on whether Safeway retaliated against Plaintiff. Further, introduction of this evidence would require numerous mini-trials to assess the facts and disposition of each of these incidents. Accordingly, the Court should exclude evidence of the workplace violence incidents other than those that involved intentional physical contact with witnesses.

> **F.** **Sixth Motion *In Limine*: The Court Should Exclude Plaintiff's Emails To Jackson Lewis P.C. And Should Preclude Plaintiff From Calling Safeway's Current And Former Counsel As Witnesses.**

Plaintiff plans to designate one or more of the June 2012 emails that Plaintiff sent to Safeway's counsel, Jackson Lewis, as trial exhibits.[5] Plaintiff also plans to designate Jackson Lewis attorneys, Larry Seegull, who is current counsel to Safeway in this case, and Linda Boyd, who was former counsel to Safeway in this case, as trial witnesses.[6]

These designations are a second attempt by Plaintiff to again try to disqualify Jackson Lewis as counsel in this case. Plaintiff filed a Motion to Disqualify Jackson Lewis as counsel in this case in March 2015. ECF No. 73. This Motion was based on the fact that Plaintiff had sent

---

[5] Plaintiff's Exhibit List states that Plaintiff plans to designate one email from Plaintiff and his wife to Jackson Lewis sent on June 4, 2012. There are actually two emails to Jackson Lewis on this day. This Motion seeks to exclude both emails, as well as all references to any emails from Plaintiff to Jackson Lewis.

[6] Linda Boyd left Jackson Lewis in Spring 2015 for another employment opportunity.

the June 2012 emails to Jackson Lewis. *Id.* The Court denied Plaintiff's Motion because the June 2012 emails from Plaintiff were completely unsolicited and did not create any attorney-client relationship between Plaintiff and Jackson Lewis. ECF No. 85. Pursuant to the Maryland Rules of Professional Conduct 3.7 "a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness," except in certain circumstances. Given this rule, Plaintiff's designation of Mr. Seegull or Ms. Boyd as witnesses is simply another attempt to disqualify Jackson Lewis from this case, which the Court has previously ruled is inappropriate based on his June 2012 emails. ECF No. 85.

Additionally, the fact that Plaintiff sent these emails to Jackson Lewis is irrelevant to Plaintiff's claim that Safeway retaliated against him as it does not make Safeway's alleged retaliation more or less probable. *See* Fed. R. Evid. 401(a). Rather, Jackson Lewis acted only as a conduit to pass the information to Safeway, its client since 2006. *See* ECF No. 85 at p. 1. Even if the Court believes that Plaintiff's emails are somehow relevant to Plaintiff's retaliation claim, allowing Plaintiff to call Mr. Seegull or Ms. Boyd as a witness, or to use or refer to the June 2012 emails as an exhibit, would unfairly prejudice Safeway. *See* Fed. R. Evid. 403. The Court has ruled that Jackson Lewis did not solicit, consider, or evaluate Plaintiff's emails. *See* ECF No. 85. Plaintiff's use of these witnesses, exhibits and references would mislead the jury regarding the relevant facts at issue. *See* Fed. R. Evid. 403. The relevant facts are not that Plaintiff sent these emails to Safeway's attorneys or that Jackson Lewis sent the information to its client, Safeway. Rather, the relevant fact is, as this Court noted in its Order, that Safeway received notice of Plaintiff's claim that another employee, Rashida Daniels-Gordon was being harassed at work and investigated that claim.

**G.      Seventh Motion *In Limine*: The Court Should Exclude Testimony From Terryle L. Wiliams.**

Plaintiff identifies Terryle L. Williams, a Licensed Certified Social Worker – Clinical, as an expert witness.  Because Plaintiff has never provided any disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2), the Court should exclude all testimony from Dr. Williams.

Federal Rule of Civil Procedure 26(a)(2)(D) requires that expert witnesses be disclosed "at least 90 days before the date set for trial or for the case to be ready for trial."  Plaintiff has never provided Safeway with the disclosures required by Federal Rule of Evidence 26(a)(2)(A) and has never provided a report from Dr. Williams pursuant to Federal Rule of Evidence 26(a)(2)(B).  To the contrary, Plaintiff stated in response to a document request from Safeway that he "has not designated any expert in Plaintiff's case in chief."  *See* Exhibit 1 at Request No. 18.

Under Federal Rule of Evidence 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Evid. 37(c)(1).  Plaintiff offers no justification for his failure to provide the required disclosures and the lack of disclosure is not harmless – with discovery closed and trial only weeks away, Safeway will be significantly prejudiced if Dr. Williams is allowed to testify.   Accordingly, Rule 37(c)(1) compels the exclusion of Dr. Williams' testimony.  *See Ihnkin v. Jenkins*, Case No. CCB-11-3508, 2015 U.S. Dist. LEXIS 23111, at *2 (D. Md. Feb. 26, 2015) (granting motion in limine to exclude undisclosed expert witnesses because "[a]ny disclosure now would surprise the defendants, upsetting their trial preparations" and "[s]uch prejudice might be curable only by delaying trial and re-opening discovery").

Although Plaintiff identifies Dr. Williams solely as an expert witness, the same result would hold if Plaintiff intended to call Dr. Williams as a hybrid fact/expert witness to testify about any treatment she provided to Plaintiff. Local Rule 104.10 exempts hybrid fact/expert witnesses, such as treating physicians, from the requirement to provide the disclosures ordinarily required by Federal Rule of Civil Procedure 26(a)(2)(B). It makes clear, however, that parties must still "disclose the existence of any hybrid fact/expert witness pursuant to Fed. R. Civ. P. 26(a)(2)(A), and disclose the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703, or 705, as well as a summary of the facts and opinions to which the hybrid fact/expert witness is expected to testify, pursuant to Fed R. Civ. P. 26(a)(2)(C)." Local Rule 104.10. Plaintiff has never made any such disclosures. Accordingly, the Court should exclude all testimony from Dr. Williams.

### H. Eighth Motion *In Limine*: The Court Should Exclude All Witnesses Not Specifically Identified On Plaintiff's Witness List.

Plaintiff's witness list identifies a number of "catch-all" categories of witnesses that Plaintiff intends to call. For example, in Plaintiff's list of fact witnesses, Plaintiff includes "any witnesses identified and not objected to in the Plaintiff's medical records, discovery responses, and Pretrial Statement," "any witness necessary for impeachment purposes," "any additional fact witnesses listed in Plaintiff's Answers to Interrogatories," and "any individual identified by Defendant in discovery." Similarly, Plaintiff's list of expert witnesses includes "any of Plaintiff's treating physicians;" "any witness Defendant calls at trial in order to render expert opinions as it relates to Plaintiff's claims against Defendant in this case;" and "any expert witness necessary for impeachment purposes." Local Rule 106.2 requires the Parties to provide a list "of the name, address, and telephone number of **each** witness, other than those expected to be called solely for impeachment, separately identifying those whom the party expects to present and those whom the

party may call if the need arises." Local Rule 106.4 (emphasis added). This rule does not allow a party to reserve the right to call surprise witnesses at trial. Accordingly, the Court should exclude testimony from all witnesses not properly disclosed on Plaintiff's witness list, except those offered solely for impeachment.

**I. Ninth Motion *In Limine*: The Court Should Exclude Evidence Related To Plaintiff's Claim That The Union Instructed Him To Stop Assisting Co-Workers.**

In his Pre-trial Statement of Facts, Plaintiff alleges that:

> On or about February 25, 2012, Plaintiff received a visit from two men who claim to represent Local 27. The men showed no identification and were acting in an intimidating manner. They told Plaintiff they knew about Plaintiff representing employees in meetings and ordered Plaintiff to stop his activities of assisting co-workers and protesting Defendant's discriminatory actions. However, Plaintiff ended the visit by asserting his strong will to help his co-workers and his belief that his actions were appropriate and consistent with the CBA and Defendant's own rules and procedures.

Local 27 refers to a former Defendant in this case, UFCW Local 27 (the "Union"), which was the Union that Plaintiff was a member of during his employment at Safeway. *See* ECF No. 38-1 at ¶ 3. Additionally, this allegation is substantively identical to Paragraph 24 from Plaintiff's Amended Complaint:

> On or about February 25, 2012, Mr. Colfield received a visit from two men allegedly from Local 27. The men showed no identification and were acting in an intimidating manner. They told Mr. Colfield that they knew about Mr. Colfield representing employees in meetings, and ordered Mr. Colfield to stop his activities of assisting co-workers and protesting Safeway's discriminatory actions. However, Mr. Colfield ended the visit by stating his strong will to help his co-workers and his belief that his actions were appropriate and consistent with the CBA and Safeway's own rules and policies.

ECF No. 38-1 at ¶ 24.

Any reference to this alleged interaction between Plaintiff and his Union in February 2012 should be excluded from trial. This alleged incident is irrelevant to Plaintiff's claim that Safeway retaliated against him as it does not make Safeway's alleged retaliation more or less probable. *See* Fed. R. Evid. 401(a). The Union is a separate entity from Safeway; accordingly, it cannot act on behalf of Safeway.

Further, if Plaintiff is alleging a conspiracy between the Union and Safeway, the Court has already dismissed such a claim in this case. The Union was a Defendant in this case and was dismissed by the Court. ECF Nos. 62, 63. In the dismissed claim, Plaintiff alleged that Safeway and the Union conspired to deprive Plaintiff of "his employment and his, rights and entitlements under the CBA, because Mr. Colfield complained of race discrimination, and assisted co-workers with reporting or filing race discrimination complaints or grievances" in violation of 42 U.S.C. § 1985. ECF No. 38-1 at ¶ 42; *see also* ECF No. 38-1, ¶¶ 41-45. In dismissing the conspiracy claim, the Court ruled that Plaintiff's allegation concerning two Union men confronting him in February 2012 was simply a bare, unsupported assertion of a conspiracy between the Union and Safeway:

> The only improper Local 27 conduct alleged in the complaint is that two persons confronted Colfield in the Safeway to "discourage him from protesting Safeway's discriminatory actions." ECF No. 38-1 ¶ 24. Even if the Court were to assume that the two persons were from Local 27, Colfield has alleged no facts that show that they acted on Safeway's behalf or in agreement with Safeway. At most, the "allegations amount to 'parallel conduct and a bare assertion of a conspiracy.'" *A Society Without A Name*, 655 F.3d at 347 (quoting *Twombly*, 550 U.S. at 556.).

ECF No. 62 at 13. Once his conspiracy claim was dismissed, Plaintiff did not amend his Complaint to include additional facts about this alleged conspiracy. Plaintiff has offered no evidence other than his sole statement that this event even occurred in this case to date. Accordingly, Plaintiff

should not be permitted to use these bare, unsupported allegations in support of his claim now at trial. Any admission of this alleged incident would unfairly prejudice Safeway, even if it was relevant to Plaintiff's retaliation claim, which it is not. *See* Fed. R. Evid. 403.

**J.** **Tenth Motion *In Limine*: The Court Should Exclude All Evidence Related To Plaintiff's Claim For Back Pay And Front Pay, Because Plaintiff Has Failed To Produce Documents Regarding Mitigation.**

A significant portion of the damages claimed by Plaintiff in this action consist of back and front pay. To the extent Plaintiff proves any such damages, Safeway is entitled to offset from those damages any amounts Plaintiff received from other employment or should have received through reasonable and diligent efforts to secure employment. Despite numerous requests from Safeway, however, Plaintiff has repeatedly failed to produce to Safeway documents and information, including job applications, tax returns, and social security disability filings, that would allow Safeway to prove mitigation at trial.

Plaintiff's failure to produce documents to Defendant related to his alleged damages has been an ongoing problem in this litigation. Early in the discovery phase of this case, Defendant requested that Plaintiff produce:

> All documents which embody, concern, relate, refer, reflect or pertain in any way to attempts made by you to mitigate the damages you allege you have suffered in your Complaint. Your response should include, but not be limited to, any resumes or applications filed by you with prospective employers, interview or offer letters, documents relating to any attempts made by you to find employment through employment agencies, recruiters, or otherwise, and documents relating to any subsequent employment you have obtained since your separation from Safeway.

*See* Exhibit 1 at Request No. 16. Plaintiff indicated in his responses that he had "provided responsive documents with this response." *See id.* Defendant also requested that Plaintiff produce:

> All documents which embody, concern, relate, refer, reflect or pertain in any way to your financial condition for each of the years from January 1, 2010 to the present. Your response should include, but not be limited to, federal, state, and local income tax returns, W-2 and 1099 forms, and all other forms, schedules and attachments, any pay stubs, payroll records, documents pertaining to retirement benefits and

plans, health insurance, wages, salary and any other compensation from any source
whatsoever.

*Id.* at Request No. 17. Plaintiff did not object to this request and, once again, he indicated that he

"provided responsive documents with this response." *Id.* At that time, however, Plaintiff did not

produce any documents related to his purported job search following his discharge from Safeway

or any subsequent employment, other than a few documents evidencing a job he held at a carwash

for a few weeks, and he did not produce any tax returns for years other than 2010 and 2011.

On February 7, 2015, shortly before Plaintiff's deposition, Safeway sent a letter to

Plaintiff's counsel requesting that he supplement his production to account for mitigation efforts

that had taken place since Plaintiff had first responded to Safeway's Requests for Production and

to request that Plaintiff provide documents missing from Plaintiff's initial production. *See* Exhibit

2. At Plaintiff's deposition on February 20, 2015, it became even clearer that Plaintiff's production

was not complete. He testified that he had at home records of all jobs that he had looked for or

applied to, because he had to submit copies of those records to receive unemployment benefits.

*See* Exhibit 3 at 230:4-16. He also testified that, in September 2013, he had stopped looking for

work because of a purported disability and had filed for disability benefits. *Id.* at 226:6-22. Yet

Plaintiff never produced the application for disability benefits that he had purportedly filed. Even

though Safeway's counsel raised the issue of Plaintiff's incomplete production at Plaintiff's

deposition, Plaintiff did not produce the missing documents.

Over the next few months, Defendant's counsel sent repeated emails to Plaintiff's counsel

requesting a supplemental production. On April 6, 2015, Plaintiff finally sent a small supplemental

production to Safeway's counsel, but, as pointed out in an email from Safeway's counsel on April

7, 2015, it did not contain numerous responsive documents, including Plaintiff's tax returns for all

years after 2011. *See* Exhibit 4. Plaintiff's counsel responded to this latest attempt by Safeway to

obtain the missing mitigation evidence by producing a single job offer letter dated April 29, 2013,[7] and claiming that "Plaintiff has no responsive documents relating to tax returns for 2012, 2013 and 2014." *Id.*

Counsel for Safeway made a final effort to obtain documents related to Plaintiff's efforts to mitigate any damages by sending an email to Plaintiff's counsel on November 11, 2016 requesting a supplemental document production. *See* Exhibit 5. This email specifically referenced Plaintiff's duty to provide "updated information and documents regarding Plaintiff's continued mitigation efforts, if any, including, but not limited to, job applications, pay stubs and tax returns" and "information and documents related to the disposition of Plaintiff's social security disability insurance benefits appeal." *Id.* Plaintiff's counsel did not respond.

The time for production of mitigation evidence has past. At this late stage, any supplemental production of documents related to Plaintiff's efforts to mitigate his damages would upset trial preparations and potentially require the Court to reopen discovery and delay the trial. As such, and because Plaintiff's failure to produce these documents precludes Safeway from adequately addressing Plaintiff's claim for front and back pay at trial, the Court should preclude Plaintiff from offering any evidence related to his claim for front and back pay pursuant to Federal Rule of Civil Procedure 37(c)(1).

## IV. CONCLUSION

For the reasons described above, the Court should exclude all of the testimony, documents, and other evidence described above.

---

[7] Plaintiff did not produce a corresponding job application or any documents that would indicate whether he accepted the job.

Respectfully submitted,

/s/
_____
Larry R. Seegull (Federal Bar No. 22991)
Kathleen McGinley (Federal Bar No. 29150)
Keith Hudolin (Federal Bar No. 13688)
Jackson Lewis P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
410.415.2004 (direct)
410.415.2001 (facsimile)
larry.seegull@jacksonlewis.com
kathleen.mcginley@jacksonlewis.com
keith.hudolin@jacksonlewis.com

A. Patricia Diulus-Myers (admitted *pro hac vice*)
Jackson Lewis P.C.
1001 Liberty Avenue, Suite 1000
Pittsburgh, Pennsylvania 15222
DiulusMP@jacksonlewis.com

Attorneys for Defendant Safeway Inc.