**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **STEPHEN COLFIELD,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.  1:12-CV-03544-WMN** |
| **SAFEWAY INC.,** | |
| **Defendant.** | |

**DEFENDANT'S PROPOSED PRETRIAL ORDER**

Defendant, Safeway Inc. ("Safeway" or "Defendant"), submits this Proposed Pretrial Order pursuant to the Court's Order dated April 6, 2016, [ECF No. 116], and Local Rule 106.  This Proposed Pretrial Order does not include information from Plaintiff, because Plaintiff prepared a separate draft pretrial order that Plaintiff did not provide to Safeway until the evening of November 15, 2016.

**I.      Plaintiff's Statement of Facts**

*See* Plaintiff's Pretrial Order.

**II.     Defendant's Statement of Facts**

Safeway intends to prove at trial that it took the alleged adverse employment actions at issue in this case – Plaintiff's suspension in December 2011 for violation of Safeway's Employee Purchase Policy, Plaintiff's suspension in April 2012 pending investigation of a workplace violence incident, and Plaintiff's discharge in July 2012 for violation of Safeway's Workplace Violence Policy – for legitimate, non-retaliatory reasons.  More specifically, Safeway intends to prove as follows:

Throughout his employment, Plaintiff has held the position of Food Clerk and has worked at multiple Safeway stores in Maryland.  Each store has its own Store Manager and typically two

Assistant Managers.  At the time of Plaintiff's employment, Safeway stores were grouped into Districts.  Plaintiff worked in District 82.  During the relevant timeframe, the Human Resources Advisor for District 82 was Karen Graham.  Plaintiff worked at the Long Gate Store from March 14, 2010 to December 31, 2011.

Safeway's Employee Store Purchase Policy states that "All employees, their friends and family members shall be treated as other customers.  At no time are they to be extended preferential treatment."  According to this Policy, Safeway does not permit employees to make purchases of items stored in backrooms or storage areas and not available to customers.  Employees are only permitted to purchase items out on store shelves and available to all customers.  Safeway instituted this policy for the purpose of fairness, specifically to give its employees and customers the same opportunity to purchase Safeway merchandise.

On December 12, 2011, Plaintiff asked for the key to a backroom of the Store.  Plaintiff entered the backroom and saw a box of DVDs titled Planet of the Apes.  The DVD was not "officially released" and, therefore, not on store shelves available for customers to buy.  In fact, the backroom box where Plaintiff took the DVD from had a large sticker on it stating in capital, bolded letters: "DO NOT SELL BEFORE TUESDAY DEC. 13, 2014."  Alan Tlusty, Senior Loss Prevention Investigator, investigated the incident by reviewing store surveillance footage and conducting interviews, including of Plaintiff.  The investigation confirmed that the Planet of the Apes DVD was not on sale until December 13, 2011, a day after Plaintiff purchased it.  The investigation also confirmed that Plaintiff had taken the DVD from a backroom storage area, not from a store shelf, and that it had not been available for sale to customers when he took it.

Ms. Graham reviewed Mr. Tlusty's report and concluded that Plaintiff violated the Employee Store Purchase Policy by buying a DVD not on sale to Safeway customers.  Ms. Graham

decided to transfer Plaintiff to Safeway's Owings Mills store as a result and because Plaintiff had indicated to Ms. Graham that he wanted to transfer to another store. Ms. Graham's decision had nothing to do with any protected activity in which Plaintiff might have engaged. In fact, Plaintiff thought the transfer was "a good thing," in part because Owings Mills was, at that time, closer than Long Gate to Plaintiff's home. Plaintiff's wages and responsibilities remained the same after his transfer. There is no record of any other employee at Safeway ever having purchased a DVD before its sale date. However, Safeway has disciplined other employees who have committed other purchase policy violations and these employees did not complain of discrimination.

Plaintiff was transferred to the Owings Mills Store effective January 1, 2012. Shortly thereafter, on April 25, 2012, Plaintiff went to the Store's management office. Assistant Store Managers Angela Corprew and Charles "Mike" Deinlein were in the office when Plaintiff entered. Plaintiff asked Ms. Corprew to call Tia Person, a co-worker, into the office, which Ms. Corprew did. When Ms. Person entered the office, Plaintiff began "arguing" with Ms. Person. He pointed his finger in Ms. Person's face, then moved his face close to hers and threatened "what are you going to do about it?" Mr. Colfield was so close to Ms. Person that "they could have kissed." Mr. Deinlein then "jumped in between" Plaintiff and Ms. Person, but Plaintiff pushed Mr. Deinlein "with a couple of quick but hard pushes or shoves to the point that [Mr. Deinlein] had to brace himself on the back file cabinet." Ms. Person pleaded with Plaintiff to stop — "I'm not going to fight you please get him out of my face." Ms. Corprew was "too shocked" to understand what Plaintiff was saying at one point. Plaintiff decided to leave the office and then chest-bumped Ms. Person "very hard" on his way out. In fact, he bumped her so hard that she fell back against the chair behind her.

Mr. Tlusty investigated the assault and interviewed both eyewitnesses to the event, Ms. Corprew and Mr. Deinlein, and also Ms. Person, the victim. Plaintiff refused to meet with Mr. Tlusty and instead faxed him a typed statement. All four individuals signed written statements that described the assault. The investigation revealed that the eyewitnesses and victim agreed on the same key facts — that Plaintiff was the aggressor and that Ms. Person and Mr. Deinlein had done nothing to warrant the physical altercation.

Safeway's Workplace Violence Policy states, in relevant part:

Acts and/or threats of violence by any employees will not be tolerated and will be grounds for disciplinary action up to and including termination.

…

Acts and/or threats of violence include physical altercations and actions or statements which either directly or indirectly, by words, gestures, symbols, intimidation, or coercion give reasonable cause to believe that the personal safety of the recipient or others may be at imminent risk.

Ms. Graham reviewed Mr. Tlusty's investigation as part of her own investigation into the incident. Ms. Graham, along with her supervisor, Tim Matthews, decided that termination of Plaintiff was warranted. They based their decision on the entirety of the evidence and concluded that Plaintiff had inappropriately attacked Ms. Person and that Plaintiff had been the aggressor as two Assistant Managers confirmed this. They believed that Plaintiff physically pushing Mr. Deinlein, an Assistant Store Manager, and bumping Ms. Person, was a clear violation of Safeway's Workplace Violence Policy and that such conduct could not be tolerated. They believed, based on the witness statements, that Plaintiff had tried to start a fight with Ms. Person and that she had done nothing to provoke or encourage such behavior. Accordingly, Plaintiff was terminated based upon Safeway's determination that Plaintiff violated Safeway's zero-tolerance Workplace Violence Policy. This decision had nothing to do with any of Plaintiff's alleged

protected activity.  In fact, Safeway has also terminated numerous other employees who did not complain of discrimination for similar Workplace Violence Policy infractions

Plaintiff has not suffered emotional distress as a result of Safeway's actions.  Further, Plaintiff has failed to adequately mitigate his lost wages by undertaking reasonable efforts to secure and maintain other employment.  Plaintiff has since filed for social security disability benefits based on his total disability, which is unrelated to his claims against Safeway.

**III.    Similar statements as to any counterclaim, crossclaim, or third-party claim**

Not applicable.

**IV.    Any amendments required of the pleadings**

Not applicable.

**V.    Any issue in the pleadings that is to be abandoned**

The Court has dismissed and/or granted summary judgment as to Counts I, III, and IV.  The only remaining claim is Plaintiff's claim of retaliation in violation of Title VII.

**VI.    Stipulations of fact or requested stipulations of fact**

Defendant proposes the following stipulations of fact:

1.  Plaintiff was employed by Safeway as a Food Clerk from January 19, 2004, until July 16, 2012.

2.  Plaintiff's rates of pay throughout his employment with Safeway were as follows:

| Dates | Hourly Rate |
|---|---|
| January 19, 2004 – January 31, 2004 | $6.50 |
| February 1, 2004 – March 27, 2004 | $13.00 |
| March 28, 2004 – March 26, 2005 | $13.30 |
| March 27, 2005 – March 25, 2006 | $13.60 |
| March 26, 2006 – March 24, 2007 | $13.95 |
| March 25, 2007 – March 29, 2008 | $14.25 |
| March 30, 2008 – March 28, 2009 | $14.65 |
| March 29, 2009 – March 27, 2010 | $15.00 |
| March 28, 2010 – March 26, 2011 | $15.35 |
| March 27, 2011 – March 30, 2012 | $15.75 |
| April  1, 2012 – July 16, 2012 | $16.20 |

3. Plaintiff's work locations and supervisors throughout his employment with Safeway were as follows:

| Dates | Location | Supervisor |
|---|---|---|
| January 19, 2004 – October 20, 2007 | Store 1657 (Owings Mills, MD) | Wayne Sladic |
| October 21, 2007 – December 8, 2007 | Store 1994 (Pikesville, MD) | Caulette Collier |
| December 9, 2007 – June 21, 2008 | Store 1994 (Pikesville, MD) | Donald Bullock |
| June 22, 2008 – September 6, 2008 | Store 1994 (Pikesville, MD) | Delores Francis |
| September 7, 2008 – October 11, 2008 | Store 1994 (Pikesville, MD) | Elizabeth Gavigan |
| October 12, 2008 – March 13, 2010 | Store 1994 (Pikesville, MD) | James Werner |
| March 14, 2010 – December 31, 2011 | Store 1459 (Ellicott City, MD) | Lawrence Kunze |
| January 1, 2012 – June 30, 2012 | Store 1657 (Owings Mills, MD) | Jimmie Bennett, Jr. |
| July 1, 2012 – July 16, 2012 | Store 1657 (Owings Mills, MD) | Joseph Dougherty |

## VII. The details of the damages claimed or any other relief sought as of the date of the pretrial conference

Defendant does not claim any damages or other relief, other than its costs and the dismissal

with prejudice of, or judgment in its favor on, Plaintiff's remaining claim.

## VIII. Exhibits

Defendant intends to offer the following exhibits:

| Exhibit No. | Bates Number(s) | Description |
|---|---|---|
| 1 | SFWY--000989 – SFWY--00992 | Harassment Policy, including Policy Against Retaliation |
| 2 | SFWY--000977 | Karen Graham's "HR in the House" notes |
| 3 | SFWY--000972 – SFWY--000976 | Karen Graham's notes from an 11/22/2011 meeting with Plaintiff and Suzi Levin |
| 4 | SFWY--000276 – SFWY--000277; | Employee Store Purchase Policy |
| 5 | SFWY--00125 – SFWY--00164 | Investigation file for Plaintiff's 12/13/2011 Employee Purchase Policy violation |
| 6 | SFWY--000012 | Confirmation of Performance Interview dated 12/13/2011 |
| 7 | SFWY--000907 – SFWY--000908 | Emails dated 12/22/2011 and 12/23/2011 |
| 8 | NA | Demonstrative table summarizing violations of the Employee Purchase Policy described in SFWY--1437 – SFWY--1448; SFWY--1455 – SFWY--1463; SFWY--1470 – SFWY--1480; SFWY--1488 – SFWY--1517; SFWY--1532 – SFWY--1535; and SFWY--1545 – SFWY--1583. |

| Exhibit No. | Bates Number(s) | Description |
|---|---|---|
| 9 | SFWY--000895 – SFWY--000897 | Email dated March 23, 2012 from Karen Graham to Shawn Essien with attachment |
| 10 | SFWY--000228 – SFWY--000230 | Workplace Violence Policies and Acknowledgment |
| 11 | SFWY--000166 – SFWY--000231 | Investigation file for Plaintiff's 4/25/2012 Workplace Violence Policy violation |
| 12 | SFWY--000190 – SFWY--000191 | Statement by Tia Person dated 4/25/2012 |
| 13 | SFWY--000184 | Statement by Tia Person dated 4/26/2012 |
| 14 | SFWY--000202 – SFWY--000206 | Statement by Tia Person dated 5/17/2012 |
| 15 | SFWY--000192 – SFWY--000194 | Statement by Angela Corprew dated 4/25/2012 |
| 16 | SFWY--000181 – SFWY--000182 | Statement by Angela Corprew dated 4/26/2012 |
| 17 | SFWY--000196 – SFWY--000201 | Statement by Angela Corprew dated 5/24/2012 |
| 18 | SFWY--000195 | Statement by Charles M. Deinlein dated 4/25/2012 |
| 19 | SFWY--000183 | Statement by Charles M. Deinlein dated 4/26/2012 |
| 20 | SFWY--001587 | Emails from Karen Graham and Alan Tlusty dated 4/27/2012 |
| 21 | SFWY--000011 | Letter to Plaintiff from Karen Graham dated 7/16/2012 |
| 22 | NA | Demonstrative table summarizing violations of the Workplace Violence Policy described in SFWY--1130 – SFWY--1131; SFWY--1226 – SFWY--1228; SFWY--1661 – SFWY--1665; SFWY--1668 – SFWY--1695; and SFWY--1697 – SFWY--1714. |
| 23 | P1193 – P1194 | Offer letter dated 4/29/2013 from NCIA to Plaintiff |
| 24 | P0704 – P0706 | Documents regarding Plaintiff's employment with Speed Auto Detailing, LLC |
| 25 | SFWY--00603 – SFWY--00607 | Maryland Commission on Civil Rights Written Finding |

## IX.   Witnesses

Defendant expects to call the following witnesses:

| Witness Name | Address | Telephone Number |
|---|---|---|
| Angela Corprew | 9119 Sacacen Drive, Pikesville, MD 21208 | (240) 444-6754 |
| Karen Graham | 140 W. West Street, Baltimore, MD 21230 | (410 752-4454 x 102 |
| Tim Matthews | 9500 Brunett Avenue, Silver Spring, MD 20910 | (610) 517-4427 |
| Tia Person | 10335 Reisterstown Road, Owings Mills, MD 21117 | (443) 415-9668 |
| Alan Tlusty | 4551 Forbes Blvd., Lanham, MD 20706 | (301) 918-6894 |

Defendant may also call the following witness:

| Witness Name | Address | Telephone Number |
|---|---|---|
| Larry Kunze | 7643 Arundel Mill Blvd., Hanover, MD 21076 | (410) 904-7222 |

## X.     Expert Witnesses

At this time, Defendant does not intend to call any expert witnesses or hybrid fact/expert witnesses.

## XI.     Deposition Designations

Defendant designates the following portions of Plaintiff's deposition transcript to be offered in its case in chief:

- 82:22 – 83:11
- 94:4-18
- 180:2-4
- 224:20-227:2
- 231:6-21
- 248:2-17
- 350:16-352:15

## XII.     Other Pretrial Relief Requested

Defendant requests that the Court grant the motions *in limine* submitted with this Proposed Pretrial Order.

Respectfully submitted,

/s/ _____
Larry R. Seegull (Federal Bar No. 22991)
Kathleen McGinley (Federal Bar No. 29150)
Keith Hudolin (Federal Bar No. 13688)
Jackson Lewis P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
410.415.2004 (direct)
410.415.2001 (facsimile)
larry.seegull@jacksonlewis.com
kathleen.mcginley@jacksonlewis.com
keith.hudolin@jacksonlewis.com

A. Patricia Diulus-Myers (admitted *pro hac vice*)
Jackson Lewis P.C.
1001 Liberty Avenue, Suite 1000
Pittsburgh, Pennsylvania 15222
DiulusMP@jacksonlewis.com

Attorneys for Defendant Safeway Inc.