**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **STEPHEN COLFIELD** | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | **CIVIL ACTION NO. 1:12-3544-WMN** |
| vs. | * | |
| | * | |
| **SAFEWAY, INC.** | * | |
| Defendant Safeway. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff Stephen Colfield, by and through his attorneys, George A. Rose, Esquire, John J. Leppler, Esquire, and the law firm, Rose Law Firm, LLC, pursuant to the Court's Order and the local rules, hereby submits the Plaintiff's Proposed Jury Instructions.


Respectfully Submitted,

/s/ *George A Rose*
_____
George Rose, Esq., #26086
John J. Leppler, Esq., #19736
Rose Law Firm, LLC
200 E. Lexington Street, Suite 1305
Baltimore MD 21202
Telephone: 410-727-7555
Facsimile: 443-320-0962
Email: grose@roselawfirm.net
Email: attorneyleppler@roselawfirm.net

Attorneys for Plaintiff Stephen Colfield

**PROPOSED JURY INSTRUCTION NO. 1**

**Juror Attentiveness**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible. It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention. I ask you to give me that same careful attention as I instruct you on the law.

**Source:**

Hon. Leonard G. Sand, John S. Siffert, *et al., Modern Federal Jury Instructions,* Vol. 4., Instruction 71-1 (Rel. 52A, April 2008).

# PROPOSED JURY INSTRUCTION NO. 2

## Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration. On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be-or ought to be-it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

### Source:

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 71-2 (Rel. 52A, April 2008).

## PROPOSED JURY INSTRUCTION NO. 3

### Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence. In determining these issues, no one may invade your province or functions as jurors.

In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said--or what I may say in these instructions--about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers. Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this

case. As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the

duty of finding the facts without bias or prejudice to any party.

**Source:**

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 71-3 (Rel. 52A, April 2008).

**PROPOSED JURY INSTRUCTION NO. 4**

**Juror Oath**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

**Source:**

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 71-4 (Rel. 52A, April 2008).

## PROPOSED JURY INSTRUCTION NO. 5

### Jury To Disregard Court's View

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.

Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence. From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence.

Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or

any guesswork about the nature or effect of any colloquy between court and counsel held out of

your hearing or sight.

**Source:**

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4.,
Instruction 71-5 (Rel. 52A, April 2008).

**PROPOSED JURY INSTRUCTION NO. 6**

**Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Source:**

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 71-6 (Rel. 52A, April 2008).

**PROPOSED JURY INSTRUCTION NO. 7**

**Race, Religion, National Origin, Sex or Age**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence. It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**Source:**

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 71-9 (Rel. 52A, April 2008).

**PROPOSED JURY INSTRUCTION NO. 8**

**Sympathy**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

**Source:**

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 71-10 (Rel. 52A, April 2008).

**PROPOSED JURY INSTRUCTION NO. 9**

**Corporate Party**

In this case, the Defendant, Safeway Inc., the supermarket chain, is a corporation. The mere fact that some of the parties are corporations does not mean they are entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

**Source:**

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 72-1 (Rel. 52A, April 2008)(modified).

## PROPOSED JURY INSTRUCTION NO.10

### Burden of Proof- General

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his or her complaint by a preponderance of the evidence. If after considering all of the testimony you are satisfied that the plaintiff has carried his or her burden on each essential point as to which he or she has the burden of proof, then you must find for the plaintiff on his or her claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his or her burden and you must find for the Defendant Safeway.

### Source:

Hon. Leonard G. Sand, John S. Siffert, et al., Modern Federal Jury Instructions, Vol. 4., Instruction 73-1 (Rel. 52A, April 2008) (modified).

## PROPOSED JURY INSTRUCTION NO.11

### Burden of Proof- Preponderance of the Evidence

The party with the burden of proof on any given issue has the burden of proving every disputed element of his or her or its claims to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his or her or its claim by a preponderance of the evidence, you must decide against his or her or its claims on the issue you are considering. What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties, that is, it is equally probable that the plaintiff is right and the defendant is right regarding the credible evidence on the given issue, then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence he or she or it must prove the element at issue by a preponderance of the evidence.

On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof--that what the party claims is more likely true than not true then that element will have been proved by a preponderance of evidence. Some of you may have heard of proof

beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

**Source:**

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 71-9 (Rel. 52A, April 2008) (modified).

# PROPOSED JURY INSTRUCTION NO.12

## What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts. By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife. Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.

Also, if certain testimony was received for a limited purpose--such as for the purpose of assessing a witness' credibility--you must follow the limiting instructions I have given. Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls. Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection. Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Source:**

Hon. Leonard G. Sand, John S. Siffert, et al., Modern Federal Jury Instructions, Vol. 4., Instruction 74-1 (Rel. 52A, April 2008).

# PROPOSED JURY INSTRUCTION NO. 13

## Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition. Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

## Source:

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 74-2 (Rel. 52A, April 2008).

**PROPOSED JURY INSTRUCTION NO. 14**

**Stipulation of Fact**

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

**Source**:

Hon. Leonard G. Sand, John S. Siffert, et al., Modern Federal Jury Instructions, Vol. 4., Instruction 74-4 (Rel. 52A, April 2008).

**PROPOSED JURY INSTRUCTION NO. 15**

**Summaries and Charts Not Admitted as Evidence**

Certain charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based. It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

**Source:**

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 74-12 (Rel. 52A, April 2008) (modified).

## PROPOSED JURY INSTRUCTION NO. 16

### Depositions

Some of the testimony before you are in the form of depositions which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions.

You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

### Source:

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 74-14 (Rel. 52A, April 2008).

## PROPOSED JURY INSTRUCTION NO. 17

### Inference Defined

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw-but not required to draw from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

### Source:

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 75-1 (Rel. 52A, April 2008).

## PROPOSED JURY INSTRUCTION NO.18

### Witness Credibility

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony. It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor that is, his or her carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he or she says it that moves us. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. In other words, what you must try to do in deciding

credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

**Source:**

Hon. Leonard G. Sand, John S. Siffert, et al., Modern Federal Jury Instructions, Vol. 4., Instruction 76-1 (Rel. 52A, April 2008).

## PROPOSED JURY INSTRUCTION NO.19

### Bias

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

### Source:

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 76-2 (Rel. 52A, April 2008).

# PROPOSED JURY INSTRUCTION NO. 20

## Discrepancies in Testimony

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses. You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his or her testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited. People sometimes forget things and even a truthful witness may be nervous and contradict himself or herself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

## Source:

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 76-4 (Rel. 52A, April 2008).

## PROPOSED JURY INSTRUCTION NO.21

### Impeachment by Prior Inconsistent Statements

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe. In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

### Source:

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 76-5 (Rel. 52A, April 2008) (modified).

# PROPOSED JURY INSTRUCTION NO.22

## Retaliation

Plaintiff Stephen Colfield has made retaliation claims under Title VII and Section 1981. The prima facie case for retaliation is the same under Title VII and Section 1981. Under both statutes, plaintiff must show that: (1) he engaged in a protected activity; (2) Defendant Safeway took an action against him "that a reasonable employee would have found materially adverse;" and (3) Defendant Safeway's actions had a causal connection to the protected activity.

In order to establish that at an employment action is materially adverse, Mr. Colfield must prove that it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

In order to show such a causal connection, plaintiff must establish that but for Mr. Colfield's opposition to the allegedly discriminatory conduct, the allegedly retaliatory actions would not have occurred. As part of that showing, plaintiff must prove that Defendant Safeway's had knowledge of his opposition to the allegedly discriminatory conduct.

You should be mindful that the law requires only that an employer not retaliate against an employee because of the employee's opposition to allegedly discriminatory practices. So far as you are concerned in this case, an employer may change the terms and conditions of an employee's employment for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for plaintiff to lead you to substitute your own judgment for that of Defendant Safeway's even though you personally may not favor the decision or would have made a different decision under the circumstances. Neither does the law require the Defendant Safeway's to extend any special or favorable treatment to plaintiff because he may have engaged in opposition to allegedly discriminatory practices. If a prima facie case is established, the burden

shifts and Defendant Safeway's must articulate a legitimate, non-retaliatory reason for the materially adverse employment action. Defendant Safeway's burden is one of production, not persuasion. Once the Defendant Safeway has produced a legitimate, non-retaliatory reason for their actions, any inference of retaliation is dispelled.

Mr. Colfield may prevail then only if he demonstrates by a preponderance of the evidence that the articulated reason was a mere pretext for retaliation: that is, that the real reason for Defendant Safeway's action was retaliation.

**Source:**

Hon. Leonard B. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Inst. 88-46 (Rel. 50A May 2007) (modified); Burlington Northern & Santa Fe Railway Co v. White, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006); McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973); Dowe v. Total Action Against Poverty, 145 F.3d 653, 657 (4th Cir. 1998).

**PROPOSED JURY INSTRUCTION NO.23**

**Legitimate Nondiscriminatory Reasons for Employment Decision**

A legitimate, nondiscriminatory or non-retaliatory reason is any reason or explanation unrelated to plaintiff's complaints of discrimination. In considering the legitimate, nondiscriminatory reason stated by Defendant Safeway for their decision, you are not to second-guess that decision or to otherwise substitute your judgment for that of Defendant Safeway. In this case, the ultimate burden of persuading the jury that Defendant Safeway intentionally retaliated against plaintiff because of his complaints remain at all times with plaintiff. Defendant Safeway is therefore not required to prove that their decisions were actually motivated by the stated legitimate, nondiscriminatory, non-retaliatory reason.

**Source:**

Todd J. McNamara & J. Alfred Southerland, *Federal Employment Jury Instructions* § 1:330 (2006) (modified).

## PROPOSED JURY INSTRUCTION NO. 24

### Duty To Deliberate/Unanimous Verdict

You will now return to decide the case. In order to prevail, the plaintiff must sustain his burden of proof as I have explained to you with respect to each element of the complaint. If you find that the plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff. Similarly, if you find that Defendant Safeway has failed to sustain their burden with respect to any element of Defendant Safeway's affirmative defense, you must return a verdict against Defendant Safeway on its defense. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.

Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth. Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**Source**:

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 78-3 (Rel. 52A, April 2008) (modified).

# PROPOSED JURY INSTRUCTION NO. 25

## Deadlock Charge: Reaching Agreement

This case is important for the plaintiff and for Defendant Safeway. Both parties, as well as the court, have expended a great deal of time, effort and resources in seeking a resolution of this dispute. It is desirable if a verdict can be reached, but your verdict must represent the conscientious judgment of each juror. While you may have honest differences of opinion with your fellow jurors during the deliberations, each of you should seriously consider the arguments and opinions of the other jurors. Do not hesitate to change your opinion if, after discussion of the issues and consideration of the facts and evidence in this case, you are persuaded that your initial position is incorrect. However, I emphasize that no juror should vote for a verdict unless it represents his or her conscientious judgment.

## Source:

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 78-4 (Rel. 52A, April 2008) (modified).

## PROPOSED JURY INSTRUCTION NO. 26

### Special Verdict

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise.

### Source:

Hon. Leonard G. Sand, John S. Siffert, et al., *Modern Federal Jury Instructions,* Vol. 4., Instruction 78-9 (Rel. 52A, April 2008).

## PROPOSED JURY INSTRUCTION NO. 27

### Compensatory Damages

Plaintiff Mr. Colfield is seeking compensatory damages regarding his retaliation claim against Defendant Safeway and Safeway's disciplinary actions against him, including his suspensions without pay and his termination, was retaliatory activity as a reaction to Plaintiff having engaged in protected activity.

Compensatory damages are designed to compensate an aggrieved party for tangible and intangible injuries. Compensatory damages for emotional distress may only be awarded when specific evidence of actual harm is introduced. Tangible injuries are past and future out-of-pocket losses which were or will be incurred as a result of Defendant Safeway's actions. Intangible injuries include personal humiliation, frustration, mental anguish, and emotional pain and suffering.

If you find that Safeway retaliated against Plaintiff Mr. Colfield regarding his retaliation claim against Defendant Safeway, Safeway is liable to Mr. Colfield for any of these types of injuries caused as a result of the violation.

You are to determine the amount of money that would fairly and reasonably compensate Plaintiff Mr. Colfield for the tangible and intangible injuries he has suffered as the direct result of Defendant Safeway's conduct.

### Source:

Gertz v. Robert Welch, Inc., 418 U.S. 323, 350 (1974); Bruhn v. Foley, 824 F. Supp. 1345 (D. Neb. 1993); EEOC v. AIC Security Investigations, Ltd., 823 F. Supp. 571, 575 (N.D. Ill. 1993); Williams v. Trader Pub. Co. 218 F.3d 481 (5th Cir. 2000); Turic v. Holland Hospitality, Inc., 849 F. Supp. 544, 557-58 (W.D. Mich. 1994).

**Punitive Damages**

The purpose of punitive damages is, first, to punish a wrongdoer for misconduct and second, to warn others against doing the same. An award of punitive damages is allowed in a retaliation action when the plaintiff demonstrates his employer, Defendant Safeway, engaged in intentional discrimination with malice or with reckless indifference to the federally protected rights of Mr. Colfield. This means that punitive damages are appropriate when a person discriminates in the face of a perceived risk that his actions will violate federal law. Additionally, Mr. Colfield must demonstrate that liability for punitive damages should be imputed to the employer.

To impute liability to the employer, the plaintiff must show that the employee or employees who committed the retaliation served the employer in their managerial capacity and committed the intentional discrimination while acting within the scope of employment and Defendant Safeway retaliated against Mr. Colfield.

**Source**:

Kolstad v. American Dental Association, 527 U.S. 526 (1999); *Lowery v. Circuit City Stores, Inc.*, 206 F.3d 431 (4th Cir. 2000); Anderson v. G.D.C., Inc., *281 F.3d 452* (4th Cir. 2002).

Respectfully submitted

/s/ *George A. Rose*

_____
George A. Rose, Esquire, #26086
John J. Leppler, Esquire, #19736
Rose Law Firm, LLC
200 E. Lexington St., Suite 1305
Baltimore, Maryland 21202

Telephone: 410-727-7555
Facsimile: 443-320-0962
Email: grose@roselawfirm.net
Email: attorneyleppler@roselawfirm.net

Attorneys for Plaintiff Stephen Colfield

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of November 2016, a copy of the foregoing Plaintiff's Proposed Witness List was served by electronic mail through the court's CM/ECF system on: Larry R. Seegull, Esquire, #22991 (larry.seegull@jacksonlewis.com), and Kathleen McGinley, Esquire, #29150 (kathleen.mcginley@jacksonlewis.com), A. Patricia Diulus-Myers, Esquire (DiulusMP@jacksonlewis.com), Keith D. Hudolin, Esquire (Keith.Hudolin@jacksonlewis.com), and the law firm, Jackson Lewis, P.C., 2800 Quarry Lake Drive, Suite 200, Baltimore, Maryland 21209, attorneys for Defendant Safeway, Inc.

Respectfully submitted,

/s/ *George A. Rose*

_____

George A. Rose, Esquire